UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MANUEL LOPEZ-CASTRO,                                   CASE NO.  18-21716-CIV-DIMITROULEAS
                                                                         (84-853-CR-KEHOE)

      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**FINAL JUDGMENT AND ORDER DISMISSING MOTION TO VACATE**

THIS CAUSE is before the Court on Movant's (Lopez-Castro) May 1, 2018 Motion to Vacate.  [DE-1].  The Court has considered the Government's May 7, 2018 Response [DE-5] and Movant's May 14, 2018 Reply [DE-6].  The Court has reviewed the court files to the extent that they are available and the Pre Sentence Investigation Report (PSIR) conducted in 93-224-CR and finds as follows:

1.In 1984 Lopez-Castro was indicted and charged with Conspiracy RICO, RICO, eleven (11)  counts of Violation of the Travel Act and six (6) counts of Wire Fraud [DE-6-2].  Trial commenced on August 5, 1985.  On October 7, 1985, Lopez-Castro was found guilty of RICO Conspiracy, RICO, six (6) counts of Violation of the Travel Act and three (3) counts of Wire Fraud.  [DE-6-1, p. 23].  He was acquitted on eight (8) counts.  The crimes for which there was a conviction occurred on:

RICO CONSPIRACY

I        January 1977 until the date of the Indictment

RICO

II      January 1977 until the date of the Indictment

TRAVEL ACTS

XI      January 23, 1980 (Racketeering Act 29 [DE-6-2, p.19]

XIII     April 2, 1980 (Racketeering Act 31 [DE-6-2, p.19]

XIV      April 3, 1980 (Racketeering Act 32 [DE-6-2, p. 19]

XVI      June 10, 1980 (Racketeering Act 34 [DE-6-2, p. 20]

XIX      January 19, 1981 (Racketeering Act 37 [DE-6-2, p. 20]

XXII     September 16, 1981(Racketeering Act 40 [DE-6-2, p. 21]

WIRE FRAUD

XXV      March 26, 1980

XXVI     April 2, 1980

XXVIII   June 10, 1980

XXIX     January 19, 1981

Predicate Act 25 also charged Lopez-Castro with a Travel Act violation in June, 1979. [DE-6-2, p. 18].  On November 15, 1985, Lopez-Castro's Motion for New Trial was denied.

2.  On December 16, 1985, Lopez-Castro was sentenced to twenty-five (25) years in prison;[1] He filed a Notice of Appeal on December 26, 1985.  It was dismissed on April 7, 1986.  Mandate issued on April 23, 1986.  When he failed to voluntarily surrender himself, he became a fugitive.  [DE-6-1, p. 26].

93-224-CR

3.  On May 14, 1993, he was indicted and charged with Failure to Surrender on January 28, 1986 at the Federal Correctional Institute in Tallahassee to start serving his sentence. [DE-1, in 93-224-CR]. He took up residence in Mexico, but was deported to the United States in February, 2013 [DE-21 in 93-224CR].  On April 15, 2013, Lopez-Castro pled guilty pursuant to a plea agreement.  [DE-20 in 93-224-CR].  The plea agreement recognized that he would be eligible for parole.  On June 24, 2013, this Court agreed with the joint recommendation of counsel and imposed a five (5) year sentence consecutive to

---

[1] Twenty (20) years for RICO Conspiracy and five (5) years consecutive for RICO and the other nine (9) counts.  [DE-6-1, p. 25].  He was sentenced to a consecutive two (2) year sentence in 85-146-CR.  Lopez-Castro was ordered to surrender to Eglin or Maxwell AFB.  A bench warrant was requested on January 30, 1986.  His bond was revoked on February 6, 1986.

84-853-CR and 85-146-CR [DE-29 in 93-224CR].  On October 24, 2013, this Court denied a Motion to Mitigate under Rule 35.. [DE-35 in 93-224-CR].

14-22578-CIV

4.  On July 10, 2014, Lopez-Castro filed a Motion to Correct the Sentence in 93-224-CR.  [DE-1 in 14-22578-CIV].   On July 6, 2014, the Court directed the Clerk to strike the sentence "The Sentence is imposed pursuant to the Sentencing Reform Act of 1984."  [DE-6 in 14-22578-CIV].

18-21716-CIV

5.  In this untimely Motion to Vacate, Lopez-Castro first contends that he is actually innocent of all charges.  He cites an appeal of a former co-defendant from a subsequent trial after a hung jury:  *U.S. v. Corona*, 885 F. 2d 766 (11th Cir. 1989).  In that appeal, the Eleventh Circuit found at least two predicate acts had existed prior to the termination of the business enterprise to justify the RICO conviction. *Id.,* at 774.  Those Travel Act, predicate acts occurred while the business enterprise was still ongoing, at least until Fernandez' arrest in New Orleans in March, 1981 and probably until December, 1981.  Here, sufficient timely Travel Act convictions and predicate acts were found to justify Lopez-Castro's convictions. He contends that the alleged wire fraud and travel act activities were non-criminal. However, even if *McNally's* [2] later invalidation of Mail Fraud convictions applies to previous Wire Fraud convictions; sufficient Travel Act violations remain to justify the jury's decision and the judge's sentence. Lopez-Castro's argument that he was merely an attorney conducting real estate transactions who did not intend to distribute proceeds to criminal participants was apparently rejected by the jury.  Second, Lopez-Castro contends that the jury received erroneous jury instructions.  Third, he contends he has been denied parole eligibility.  Fourth, he complains about consecutive sentences on the substantive counts.

6.  This court agrees with the Government's response.

---

[2] *McNally v. U.S.,* 483 U.S. 350 (1987).

A.  First, actual innocence invokes factual not legal innocence.  *Johnson v. Alabama*, 256 F. 3d 1156, 1171 (11th Cir. 2001); *Hamm v. U.S.*, 2018 WL 1580359 (11th Cir. 2018). Lopez-Castro cites no newly discovered evidence.  His legal arguments are based on legal authority that is thirty (30) years old.  No due diligence has been shown. Lopez-Castro's conclusory allegation does not merit any relief.  As indicated above, he fails to explain how the Travel Act convictions are invalid.  It was up to the jury to decide whether he was merely acting as a lawyer and receiving a fee for that. Here, there was more than just a normal purchase and sale.

B.  Second, Lopez-Castro has procedurally defaulted any complaint about jury instructions, as matters that could have been raised on direct appeal should not be heard on collateral attack.  *Lynn v. U.S.*, 365 F. 3d 1225, 1234 (11th Cir. 2004).  Moreover, there has been no showing that the instructions were erroneous.  The instructions given [DE-6-3, pp. 29-31] substantially conform to the comparable jury instruction found at Eleventh Circuit Pattern Jury Instruction O71. Additionally, the *Corona* appeal invalidated only two Travel Act counts[3] and Lopez-Castro was not charged in those counts.  Furthermore, Fernandez's fugitive status in 1981 occurred after most, if not all, of Lopez-Castro's substantive and predicate crimes had already occurred.  *McNally v. U.S.*, 483 U.S. 350 (1987) found that the Mail Fraud statute was limited in scope to the protection of property rights.  Here, there was sufficient evidence to support the Travel Act and Wire Fraud counts.  *U.S. v. Lignarado*, 770 F. 2d 971 (11th Cir. 1985).  Lopez-Castro's contention is that he is not factually guilty of the crimes because he did not distribute property to someone entitled to proceeds from a criminal enterprise.  He argues that his "money laundering" activities were not illegal in 1985.  Again, he is arguing legal, not factual innocence.

---

[3] Counts VI and VIII which apparently referred to a Superseding Indictment that was the basis for a later trial against the Coronas, after a hung-jury in the 1985 trial.  *U.S. v. Corona*, 804 F. 2d 1568 (11th Cir. 1986) *cert. denied,* 481 U.S. 1017 (1987).

C.  Third, any complaint about a denial of his parole eligibility is not properly before this court on a motion to vacate.   After exhausting his administrative remedies, Lopez-Castro's relief could only be through a habeas petition pursuant to 28 U.S.C. § 2241 in the district where he is housed.  (E.D. Texas).

D.  Fourth, Lopez-Castro received consecutive sentences on more than just the Travel Act and Wire-Fraud counts.  No prejudice has been shown.  Lopez-Castro also contends that if any of his convictions are invalidated that he is entitled to a *de novo* sentencing.  The Court would normally deny that request under the "concurrent sentence doctrine". *See, U.S. v. Fuentes-Jimenez,* 750 F. 2d 1495, 1497 (11th Cir. 1985); *In re: Williams,* 826 F. 3d 1351, 1356 (11th Cir. 2016).  However, the Eleventh Circuit may have recently rejected that tool of judicial economy. *See, Cazy v. U.S.,* 717 Fed. Appx. 954 (11th Cir. 2017).  If so, here, it does not appear that Lopez-Castro has suffered any adverse consequences, monetarily or otherwise, from concurrent sentences on the Wire Fraud counts; there appears to have only been a $25,000 fine on Count One. [DE-6-1, p. 25].  In any event, the Court is familiar with Movant in that in 2013, the Court reviewed a PSIR and imposed a sentence on Lopez-Castro; no reduction in the twenty-five (25) year, parole eligible sentence would likely occur; if anything, the Court could take into account Lopez-Castro's twenty-seven (27) year status as a fugitive.  Movants should be careful what they wish for. *U.S. v. Hogg,* 723 F. 3d 730, 751 (6th Cir. 2013).

E.  This petition is time-barred.   No basis for equitable tolling has been shown.

Wherefore, Movant's Motion to Vacate [DE-1] is Dismissed as time-barred.  Alternatively, it is Denied on the merits.  The Court has again reviewed the PSIR and denies any Rule 35 request in this case.

The Clerk shall close this case and deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record